IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

**MAY 23 2024**

JEFFREY P. COLWELL
CLERK

Civil Action No. _____

(To be supplied by the court)

Sheheryar Alam Qazi , Plaintiff

v.

United States OF America

**Jury Trial requested:**
**(please check one)**
____ Yes ✓ No

_____ ,

_____ ,

_____ , Defendant(s).

*(List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section B. Do not include addresses here.)*

---

### PRISONER COMPLAINT

---

> ### NOTICE
>
> Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.
>
> **Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.**

1

## A.    PLAINTIFF INFORMATION

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.*

Sheheryar A. Qazi #01224-104, USP MAX, P.O. Box 8500, Florence, CO. 81226

(Name, prisoner identification number, and complete mailing address)

_____

(Other names by which you have been known)

*Indicate whether you are a prisoner or other confined person as follows: (check one)*

____ Pretrial detainee
____ Civilly committed detainee
____ Immigration detainee
____ Convicted and sentenced state prisoner
✓ Convicted and sentenced federal prisoner
____ Other: (*Please explain*) _____

## B.    DEFENDANT(S) INFORMATION

*Please list the following information for each defendant listed in the caption of the complaint. If more space is needed, use extra paper to provide the information requested. The additional pages regarding defendants should be labeled "B.   DEFENDANT(S) INFORMATION."*

Defendant 1:    United States, Not Known
(Name, job title, and complete mailing address)

_____

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? ✓ Yes ____ No (*check one*). Briefly explain:

_____

_____

Defendant 1 is being sued in his/her ____ individual and/or ✓ official capacity.

2

Defendant 2: _____

(Name, job title, and complete mailing address)

_____

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? ___ Yes ___ No (*check one*). Briefly explain:

_____

_____

Defendant 2 is being sued in his/her ___ individual and/or ___ official capacity.

Defendant 3: _____

(Name, job title, and complete mailing address)

_____

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? ___ Yes ___ No (*check one*). Briefly explain:

_____

_____

Defendant 3 is being sued in his/her ___ individual and/or ___ official capacity.

## C.    JURISDICTION

*Indicate the federal legal basis for your claim(s): (check all that apply)*

___ State/Local Official (42 U.S.C. § 1983)

✓ Federal Official

As to the federal official, are you seeking:

___ Money damages pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971)

✓ Declaratory/Injunctive relief pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1361, or 28 U.S.C. § 2201

✓ Other: (*please identify*) 28 U.S.C. § 1346 _____

3

**D.    STATEMENT OF CLAIM(S)**

*State clearly and concisely every claim that you are asserting in this action.  For each claim, specify the right that allegedly has been violated and state all facts that support your claim, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim.  You do not need to cite specific legal cases to support your claim(s).  If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s).  Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

CLAIM ONE: **FTCA, NEGLIGENCE**

Claim one is asserted against these Defendant(s): **United States.**

Supporting facts: 1 - United States is liable under Colorado law for negligence of its agents, The BOP.

2 - For about six years now, Pl. suffers from nocturnal Bruxism. Which causes him severe and acute dental and jaw pain. The defendant (def.) has acknowledged Pl.'s ailment and it is documented in Pl.'s dental records. See Exhibit 6

3 - Over These several years, The only treatment which has helped his pain, resulting from his nocturnal bruxism has been The occlusal night guards (night mouth guards), prescribed by The institutional dentist. These occlusal guards are designed to prevent The teeth from griding against each other. They are constructed to form fit his jaws from molds taken from his teeth.

4 - On 1-25-2021, Pl. recieved his last pair of occlusal guards. Due to The severity of Pl.'s bruxism, They were chewed Through, rendering Them ineffective. They lasted 21-monThs until October, 2022.

4

5 - So, on 10-4-2022, Pl. sent his first request to ADX dentistry to obtain replacement occlusal guards.

6 - On 3-13-2023, using Admin. Remedy Process (ARP), Pl. formally notified The BOP of his "severe and acute dental pain, due to grinding of his teeth during sleep" and requested night mouth guards." The institution warden took no positive action to remedy Pl.'s pain.

7 - On 4-14-2023, in response to Pl.'s sick-call request, he was taken to The USP Florence dentistry for a root canal and Pl.'s complaints of dental and jaw pain from bruxism.

8 - After a Thorough examination of his teeth, The chief Dental Officer proposed a request For occlusal guard to The Regional Chief Dentist (RCD), Vaccarello Rick, DDS.

9 - On 5-17-2023, Pl. advanced his ARP grievance and appealed to The Regional Director's Office, complaining of "severe and acute dental pain due to grinding of teeth during sleep" and requested "night mouth guards"

10 - The Regional Director's Office did not reply until Feb. 22, 2024. See exhibit 1a, 1b.

11 - In The response The Regional Director's Office, first, acknowledged Pl.'s complaints of pain and irreparable damage to [his] teeth. Then stated: "Occlusal guards, are a component of The comprehensive dental treatment plan. All prosThetic appliances are required to be approved by The RCD". Second, The response

5

acknowledged, That a request was made by The institutional dental provider on 4-14-2023 for The RCD review. RCD, "deferred That request for re-evaluation following The completion of your routine dental treatment plan in accordance with Pr. St. 6400.03, Dental Services."

12- Pl. reviewed The Pr. St 6400.03 mentioned in The response, according to which, acute and severe dental pain (From which Pl. suffers, see attached BP-11), is under Urgent Dental Care. Pr. St. 6400.03 (10)(a) states: "Urgent dental care includes treatment for relief of severe and acute dental pain." However, The Pr. St. deos not confine The treatment of The dental pain to only some procedures/treatments and not others. Nowhere does it mention That if The treatment to relieve Patient's dental pain includes occlusal guard or a prosThetic Then That treatment is to be "deferred" until The "completion of routine dental plan."

13- In The Regional Director's office response, second paragraph, first line states: "We have reviewed The documentation related to your appeal." "Documentation" here mean Pl.'s dental records, which contain notes, such as, "Pain resulting from bruxism", "Chronic Bruxism resulting in muscles of mastication pain" among oTher indicators of Pl.'s condition and resulting pain. And statements in The grievance filed by Pl. such as, "severe and acute pain", puts Pl. in The category Urgent Care according to Pr. St. 6400.03. So, to

6

"defer" The treatment of his pain until The "completion of routine dental plan" is a violation of The said policy statement, which states: "Urgent Dental care is The highest priority." Pc. St. 6400.03(10)(a), and as stated supra 12, "Urgent Dental Care includes treatment for relief of severe and acute dental pain." Id

14- Furthermore, since Pl. is suffering from severe and acute dental pain, it is also against The policy (Pc. St. 6400.03) to put him on a waiting List for The treatment of his acute pain. "Maintaining a waiting List for urgent care is prohibited" Id. And "Routine Dental Treatment Plan" is a National Treatment List, on which Pl. has been waiting since October 19, 2020. See Exhibit 1.

15- The response ends on "we shall defer diagnostic and treatment interventions to health services staff at The local level" Which is a misleading statement, due to The fact That The local level did find chronic Bruxism and its effects present in Pl. at multiple encounters and The local level did propose a request for occlusal guard to RCD on 4-14-2023, supra 11.

16- Since it has been a year since That request, and Pl. has not received a mouth guard, it is safe to assume That RCD did not approve Pl.'s mouth guard requested by The local level.

7

Pl. is not privy to know what the reason for refusal was through dental records, but Pl. has submitted a FOIA request to obtain such information. Which, when Pl. recieves it, will submit to the court in future proceedings.

17- On 8-30-2023, Pl. was seen by ADX's chief Dental Officer for his "Routine Dental Care." Under Assessments, she noted: "Impaired Mastication; Chronic Bruxism resulting in muscles of mastication pain; sleep related Bruxism; Jaw pain; Myofacial pain of the muscles of mastication related to nocturnal Bruxism; Bilateral clicking of TMJ with reported myofacial pain and headaches." And "Previous provider recommended fabrication of hard occlusal guard." This report was reviewed and signed by the RCD Vaccarello, Rick DDS on 9-6-2023. See Exhibit 4a, 4b

18- On 2-27-2024, Pl. advanced his ARP and appealed to the BOP's Central Office, stating: "The Region's response to my appeal was misleading and inaccurate.... I am in severe and acute pain due to my Bruxism.... I am requesting that the Central Office intervene and order the local level to remedy my pain by providing night guard..." See attached BP-11, Exhibit 2a, 2b

19- In response, The Central Office stated: "The record reflects you have recieved dental/medical

8

care and treatment in accordance with evidence based standard of care ... if you are experiencing dental pain ... you are encouraged to request a sick-call appointment ... you will continue to have access to urgent care." See attached BP-11's response.

20- First, The Central Office is aware That Pl. is "experiencing dental pain", because it is in his BP-11 and dental records which The Central Office reviewed, and Second, Pl. has "requested sick-call appointments" multiple times, where he was told That local level cannot remedy Pl.'s pain due to The absence of RCD's approval for The treatment of his sever and acute pain, which apparently, They do not have. Which The Central Office Knows or should Know.

21- The above allegations are res ipsa loquitur That The def.'s agent BOP officials were aware of Pl.'s ailment, his severe and acute dental pain he was suffering for over a year and half and is ongoing, but they continuously denied him treatment, despite his repeated complaints of severe and acute pain to The local level, Then to The Regional level and Then to the central level. Also, These exists an extensive record available to The def., showing Pl.'s suffering, but def. has wontonly, willfully, and intentionally did not remedy Pl.'s pain. Therefore, def.'s acts of negligence stand apparent.

9

## CLAIM TWO: INJUNCTIVE RLIEF

Asserted Agamst: The Bureau Of Prisons.

22- Pl. incorporates here by reference allegations, 1-21.

23- As it is stated in claim One, Pl. has been suffering severe and acute dental pain for about a year and a half now.

24 - Besides pain, The damage from bruxism is now apparent on The surface of Pl's teeth. In his dental records it is noted "Excessive Wear". Ex.5a

25 - The damage being done to his enamel and other such loss is "irreparable" according to one CDO (chief Dental Officer).

26 - The harm being done to his teeth and the pain is ongoing until he recieves treatment.

27 - Pl., as explained supra (claim one), has sought treatment for his pain Through sick-calls, verbal complaints to The dentists and other medical personell and Through appealing to warden, Regional BOP Director and BOP Central Office Through ARP. Which took one year to exhaust, but did not lead to Pl.'s treatment of his severe and acute dental pain. Pl. has no other option but to ask This court for an injunction.

28 - As alleged in claim one, The BOP officials were aware of Pl.'s pain and continuously denied him The treatment, by "defering" it until

10

The "completion of his comprehensive dental routine treatment", supra 11. Which supposedly began on Oct. 19, 2020, supra 14, and may go on for years to come.

29- The denial of Pl.'s treatment by The BOP officials, while being aware of his severe and acute pain and The irreparable damage being done to his teeth is not only against Pl.'s constitutionally protected rights, but it is also in violation of BOP's own policy. see Pt.St.6400.03(10)(a).

30- The BOP's officials, who are agents of The executive branch have failed to provide The care which They were charged with by The congress, to The Pl. in Their custody.

31- Since The BOP will not provide The treatment, which They are required to do so, and Pl. has no other way to obtain such treatment, This court is Pl.'s only venue left to obtain such treatment Through an injunction.

32- If such an injunction is denied, Pl. will continue to suffer severe and acute dental pain for months or may be years. Also, his teeth will continue to deteriorate.

33- The treatment, which Pl. require is something which has been prescribed to him by institutional dentists in The past. It is not an expensive treatment and does not require much resources. See Ex.5a

11

34 - In The past, The dentist at The ADX would take The molds of Pl.'s teeth/Jaw, which took only a few minutes. Those molds were Then sent to an outside vendor who constructed two occlusal guards for $65 each. See Ex 5c, 5d.

35 - In responses to The ARP, The BOP officials claimed, albeit incorrectly, That Pl. have recieved care according to The provisions of Pr. St. 6400.03. Even if, There was a provision in Pr. St. 6400.03, and there is not, which would allow The BOP to deny Pl. treatment for his severe and acute dental pain, such regulation would not serve any legitimate penological purpose and it would be in violation of 8Th Amendment. See Kikumura v. Hurley, 242 F. 3d 950 (10Th Cir. 2002) (when a prison regulation impinges on inmate's constitutional rights, The regulation is valid if it is reasonably related to legitimate penological interest.).

36 - "The gist of The standards is probably easy to understand in common sense terms even if The expression is imperfect: The Judge should grant or deny preliminary relief with The possibility in mind That an error might cause irreparable loss to either party. Consequently, The judge should attempt to estimate The magnitude of The loss on each side and also The risk of

12

## E.    PREVIOUS LAWSUITS

Have you ever filed a lawsuit, other than this lawsuit, in any federal or state court while you were incarcerated? ✓ Yes ___ No (*check one*).

*If your answer is "Yes," complete this section of the form. If you have filed more than one previous lawsuit, use additional paper to provide the requested information for each previous lawsuit. Please indicate that additional paper is attached and label the additional pages regarding previous lawsuits as "E. PREVIOUS LAWSUITS."*

Name(s) of defendant(s):    Seroski, et al.

Docket number and court:    1:22-CV-00014-PAB-MEH

Claims raised:    8th Amendment

Disposition: (is the case still pending? has it been dismissed?; was relief granted?)    Dismissed, No

Reasons for dismissal, if dismissed:    lack of Bivens Remedy

Result on appeal, if appealed:    N/A

## F.    ADMINISTRATIVE REMEDIES

*WARNING: Prisoners must exhaust administrative remedies before filing an action in federal court regarding prison conditions. See 42 U.S.C. § 1997e(a). Your case may be dismissed or judgment entered against you if you have not exhausted administrative remedies.*

Is there a formal grievance procedure at the institution in which you are confined?

✓ Yes ___ No (*check one*)

Did you exhaust administrative remedies?

✓ Yes ___ No (*check one*)

14

## G.    REQUEST FOR RELIEF

*State the relief you are requesting or what you want the court to do. If additional space is needed to identify the relief you are requesting, use extra paper to request relief. Please indicate that additional paper is attached and label the additional pages regarding relief as "G. REQUEST FOR RELIEF."* 1-Claim One: Asserted Against U.S.:

A- Pl. is asking This court to grant him $250,000 against The United States, in Compensatory Damages

B - And any other fees or costs incurred during The prosecution of This action.

2- Claim Two: Asserted Against The BOP:

A - Pl. is asking This court to grant him injunction ordering The BOP to remedy his acute dental pain by providing night mouth guards (occlusal guards).

B- And any other treatment/procedure necessary to relieve pain.

## H.    PLAINTIFF'S SIGNATURE

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

_____
(Plaintiff's Signature)

5-13-2024
_____
(Date)

(Revised November 2022)

15