IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-01481-PAB-CYC

SHEHERYAR ALAM QAZI,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

---

### ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Cyrus Y. Chung, United States Magistrate Judge.**

Defendant United States of America moves to dismiss plaintiff Sheheryar Alam Qazi's complaint. ECF No. 51. Because the plaintiff's claim, brought under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671–2680, requires a certificate of review under Colo. Rev. Stat. § 13-20-602(1), the Court **RECOMMENDS** that the motion, ECF No. 51, be **GRANTED** if no such certificate is filed within thirty days. The Court also **GRANTS** the plaintiff's unopposed motion for leave to file a surreply. ECF No. 60.

### BACKGROUND

According to the Amended Complaint, the plaintiff, a federal prisoner at USP Florence ADMAX (the "ADX"), suffers from chronic nocturnal bruxism, a condition which causes him to grind his teeth while sleeping, resulting in teeth and jaw pain. ECF No. 43 ¶ 1; *see id.* ¶¶ 6–8. Beginning in 2018, the plaintiff was prescribed a night guard to alleviate the pain, which was replaced every twelve months. *Id.* ¶¶ 1–3. That, however, stopped in October 2022, when the plaintiff alerted a prison dentist of his need for a replacement and was informed that a request to

1

the Bureau of Prisons' North Central Regional Office for a more durable night guard was required. *Id.* ¶ 6–8 & pgs. 30–33.

The dentist referred the request to that regional office, and Dr. Rick Vaccarello, the regional chief dentist, deferred the request, subject to reevaluation after routine care was completed. Decl. of Shannon D. Roberts, D.D.S., ECF No. 51-1 ¶¶ 6-7. According to the plaintiff, that request remained pending for over eighteen months, resulting in pain and damage in his teeth and jaw. ECF No. 43 ¶¶ 10, 14.

After exhausting administrative remedies, the plaintiff filed this case in May 2024. *Id.* at 4; ECF No. 1. He then amended his complaint after seeking leave from the Court. ECF Nos. 35, 43; *see* Fed. R. Civ. P. 15(a)(2). The plaintiff's Amended Complaint asserts a negligence claim under the FTCA. ECF No. 43.

These motions followed. ECF Nos. 51, 60.

## **ANALYSIS**

As a threshold issue, the plaintiff requests leave to file a surreply. ECF No. 60. Courts generally permit a surreply only when a party includes new material for the first time in a reply brief. *Green v. New Mexico*, 420 F.3d 1189, 1196 (10th Cir. 2005). By that standard, denying permission for the surreply would be proper. However, given that the defendant does not oppose it, ECF No. 63, and it ultimately does not change the outcome of the case, the Court grants the plaintiff leave to file a surreply in the interest of justice. *See Davison v. Dudek*, No. 24-CV-01677-RMR-CYC, 2025 WL 947534, at *2 n.3 (D. Colo. Mar. 28, 2025), *report and recommendation adopted,* 2025 WL 2093236 (D. Colo. May 29, 2025).

The defendant asserts that the plaintiff's FTCA claim is precluded by a Colorado statute requiring an expert's certificate to bring a professional negligence claim against a licensed

2

professional. "State substantive law applies to suits brought against the United States under the FTCA." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1117 (10th Cir. 2004) (citing 28 U.S.C. § 1346(b)(1)). Part of that substantive law in Colorado, *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1117 (10th Cir. 2004), is that in all actions for damages arising out of professional negligence, a plaintiff must file a "certificate of review for each . . . licensed professional named as a party," Colo. Rev. Stat. § 13-20-602(1)(a), declaring "(1) that he or she has consulted an expert, (2) that the expert both reviewed the relevant information and concluded that the claim does not lack 'substantial justification' as defined elsewhere, and (3) that the person consulted is competent and qualified to opine as to the negligent conduct alleged." *Redden v. SCI Colo. Funeral Servs., Inc.*, 38 P.3d 75, 82 (Colo. 2001) (footnote omitted), *as modified on denial of reh'g* (Jan. 14, 2002). While the statutory language literally puts this on the "plaintiff's . . . attorney," Colo. Rev. Stat. § 13-20-602(1)(a), it "applies whether or not the plaintiff is represented by counsel." *Hill*, 393 F.3d at 1118 (citing *Yadon v. Southward*, 64 P.3d 909 (Colo. App. 2002)).

The procedural mechanism to assert non-compliance with the Colorado review statute is less clear. The defendant suggests Federal Rule of Civil Procedure 12(b)(6), which permits a motion to dismiss for "failure to state a claim upon which relief can be granted." But the Tenth Circuit has held that "dismissal under the certificate statute does not constitute dismissal for failure to state a claim." *Coleman v. United States*, 803 F. App'x 209, 215 (10th Cir. 2020) (citing *Barton v. Law Offices of John W. McKendree*, 126 P.3d 313, 314–15 (Colo. App. 2005)). That rule, then, does not provide the correct framework for the defendant's motion.

In an unpublished opinion, the Tenth Circuit has held that Federal Rule of Civil Procedure 41(b) is the "correct" "procedural vehicle . . . to enforce the certificate of review

3

requirement." *Coleman v. United States*, No. 20-1403, 2021 WL 2835473, at *3 (10th Cir. July 8, 2021). The fit is somewhat odd: Rule 41(b) contemplates involuntary dismissal "[i]f the plaintiff fails to prosecute or to comply with" the Federal Rules of Civil Procedure "or a court order," but the Colorado certificate statute is neither one of those. Some courts therefore simply apply the Colorado statute itself without referring to a federal procedural rule governing the motion, *see, e.g.*, *Smith v. Lab'y Corp. of Am. Holdings*, No. 23-CV-02077-PAB-MDB, 2024 WL 4591333, at *3–5 (D. Colo. Aug. 26, 2024), *recommendation adopted*, No. 23-CV-02077-PAB-MDB, 2024 WL 4591332 (D. Colo. Oct. 1, 2024). Others follow *Coleman*'s suggestion of utilizing Rule 41. *See, e.g.*, *Reynolds v. United States*, No. 22-CV-02055-NYW-NRN, 2024 WL 4165449, at *1 (D. Colo. Sept. 12, 2024); *Noe v. United States*, No. 21-CV-01589-CNS-STV, 2022 WL 18587706, at *13 & n.19 (D. Colo. Dec. 14, 2022), *recommendation adopted*, 2023 WL 179929 (D. Colo. Jan. 13, 2023), *aff'd*, 2023 WL 8868491 (10th Cir. Dec. 22, 2023).

Regardless of which framework applies, a certificate of review is required if "(1) the plaintiff brings a claim of alleged professional negligence against a licensed professional, and (2) expert testimony is necessary to substantiate the claim." *Sherman v. Klenke*, 653 F. App'x 580, 595 (10th Cir. 2016). Both prongs are satisfied here. The defendant's failure to provide the plaintiff with a night guard for two years, for example, was a medical determination Dr. Vaccarello made. ECF No. 51-1 ¶ 7. As such, the plaintiff's claim sounds in professional negligence, satisfying the first prong.

The plaintiff resists this conclusion. Interpreting his pleadings liberally, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), he says that because Dr. Vaccarello never treated him directly, a certificate of review cannot be required. ECF No. 56 at 3. But regardless of which dentist was his first-line treating provider, the plaintiff's core allegation boils down to an

4

assertion that he "was improperly treated, too slowly treated, or denied" treatment and, with such a claim, "a certificate of review is required." *Curphey v. Wassell*, No. 21-CV-03433-NYW-JPO, 2024 WL 3759429, at *6 (D. Colo. Aug. 12, 2024).

The plaintiff's claim also satisfies the second prong. Whether routine care ought to be required before treating the plaintiff's chronic nocturnal bruxism with a more durable mouth guard does not "lie[] within the ambit of common knowledge or experience of ordinary persons" such that no expertise would be required. *Melville v. Southward*, 791 P.2d 383, 387 (Colo. 1990). In other words, the plaintiff's claim rests on his ability to "establish the controlling standard of care, as well as" Dr. Vaccarello's "failure to adhere to that standard, by expert opinion testimony." *Sherman*, 653 F. App'x at 595.

Thus, both prongs of the Colorado certificate-of-review requirements apply. The plaintiff concedes he filed no such certificate of review. *See* ECF No. 56. Dismissal of the professional negligence claim is therefore warranted. Colo. Rev. Stat. § 13-20-602(4).

The plaintiff demurs. His claim, he says, is not limited to Dr. Vaccarello's decision; instead, it also takes aim at prison officials who could have given him the night guard he requested in spite of Dr. Vaccarello's judgment. ECF No. 56 at 12–14. But the authority he cites cannot bear the weight he puts on it. This is not a case, for example, where prison officials ignored their duty "to call the infirmary when inmates are in obvious need of emergency medical treatment." *Kikumura v. Osagie*, 461 F.3d 1269, 1301 (10th Cir. 2006). Nor is it one where prison guards are ignoring the medical orders of prison medical directors. *Ajaj v. United States*, No. 15-CV-02849-RM-KLM, 2020 WL 747013, at *20 (D. Colo. Feb. 13, 2020), *report and recommendation adopted in part, rejected in part,* No. 15-CV-02849-RM-KLM, 2020 WL 5758521 (D. Colo. Sept. 28, 2020), *on reconsideration in part,* No. 15-CV-02849-RM-TPO,

2024 WL 6473896 (D. Colo. Dec. 3, 2024). To the contrary, prison officials' conduct here conforms to the medical professional's order. That order, then, is what the plaintiff challenges, and, accordingly, Colorado requires a certificate of review to demonstrate that his claim "does not lack substantial justification." Colo. Rev. Stat. § 13-20-602(3)(a).

The plaintiff pivots, contending that substantial justification is found in his previous medical records. After all, he says, dentists always gave him night guards in the past until Dr. Vaccarello decided differently. ECF No. 56 at 4–5. But Colorado's requirement does not permit the Court to bypass it by reading past medical records. Instead, "[t]he certificate of review must demonstrate that the plaintiff has consulted a professional with expertise in the area of the alleged negligent conduct who has reviewed the known facts, records and other materials deemed relevant to the allegations and, 'based on the review of such facts, has concluded that the filing of the claim . . . does not lack substantial justification within the meaning of section 13-17-102(4).'" *Morales v. Rattan*, No. 17-CV-03009-PAB-KLM, 2019 WL 588192, at *3 (D. Colo. Feb. 13, 2019) (quoting § 13-20-602(3)(a)), *report and recommendation adopted,* 2019 WL 8275623 (D. Colo. Mar. 5, 2019). The plaintiff's previous medical records cannot demonstrate that. Nor can the plaintiff's assertion that Dr. Vaccarello's valuing of routine dental care over treating his pain is unjustified. ECF No. 56 at 6; ECF No. 61 at 5.

The short of it is that "[i]t is only in unusual circumstances that a medical malpractice claim can be proven without the presentation of expert medical opinion to establish the proper standard of care against which the professional's conduct is to be measured." *Shelton v. Penrose/St. Francis Healthcare Sys.*, 984 P.2d 623, 627 (Colo. 1999). This is not one of those unusual cases.

6

The plaintiff has a final shot in his sling. His circumstances at the ADX, he says, prevent him from recruiting an expert to produce a certificate of review. ECF No. 56 at 14–16; ECF No. 61 at 7–8. Indeed, a previous inmate at the ADX had previously "raised a non-trivial constitutional challenge to the application of Colorado's certificate of review requirement as applied" to him. *Kikumura*, 461 F.3d at 1298–99. But part of that claim was a need for "more time to file a certificate of review." *Id.* at 1298. Courts addressing similar claims post-*Kikumura*, then, have handled them by, among other things, granting extensions of time to file the certificate. *See Noe v. United States Gov't*, No. 23-1025, 2023 WL 8868491, at *5–6 (10th Cir. Dec. 22, 2023) (holding that an ADX prisoner was required to submit a certificate of review and noting extensions of time granted by district court), *cert. denied sub nom. Noe v. Berkley*, 144 S. Ct. 2562 (2024); *Sherman v. Klenke*, No. 11-CV-03091-PAB-CBS, 2014 WL 12939925, at *4 (D. Colo. Feb. 20, 2014). While service on the defendants in this case was made over a year ago, out of an abundance of caution, the Court grants the plaintiff an additional thirty days in which to file his certificate of review. By the time that period elapses, the plaintiff will have had over seventeen months in which he could have filed the certificate, well beyond the eleven months the Tenth Circuit has deemed "generous." *Noe*, 2023 WL 8868491, at *6.

To be sure, giving more time does not guarantee that the plaintiff will be able to find an expert for his certificate of review. But not every obstacle to doing so is of a constitutional dimension. "[A] lack of financial resources leading to plaintiff's inability to retain an attorney or physician to review his case," for instance, "is not contemplated by the right of access to courts." *Sherman*, 2014 WL 12939925, at *4 (citing *Johnson v. Hubbard*, 698 F.2d 286, 289 (6th Cir. 1983), *abrogated on other grounds by L&W Supply Corp. v. Acuity*, 475 F.3d 737 (6th Cir. 2007)). But to the extent more time is what the Constitution requires, such time is granted here.

7

Because the plaintiff has not acted grossly negligent in not filing a certificate of review, and has not forged one, the Court will recommend that the dismissal be without prejudice. *See Alphine Bank v. Hubbell*, No. 05-cv-00026-EWN-PAC, 2007 WL 218906, at *5 (D. Colo. Jan. 26, 2007).

## CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that the defendant's motion, ECF No. 51, be **GRANTED** and that the Amended Complaint be **DISMISSED** without prejudice if no certificate of review is filed within thirty days of this Recommendation.[1] *See Sherman*, 2014 WL 12939925, at *4 (noting magistrate judge's initial 30-day extension to file certificate of review at ECF No. 81).

---

[1] Be advised that all parties shall have fourteen days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen days after being served with a copy may bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court. *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). Finally, all parties must consult and comply with the District Judge's practice standards for any specific requirements concerning the filing and briefing of objections.

The Court **ORDERS** that the plaintiff's motion for leave to file a surreply, ECF No. 60, be **GRANTED**.

Respectfully submitted this 3rd day of December, 2025, at Denver, Colorado.

BY THE COURT:

_____

Cyrus Y. Chung
United States Magistrate Judge