IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 24-cv-01481-PAB-CYC

SHEHERYAR ALAM QAZI**,**

Plaintiff,

v.

USA,

Defendant.

---

**ORDER**

---

This matter comes before the Court on plaintiff's Motion to Reopen Case Pursuant to Rule 60(b) [Docket No. 73] and Plaintiff's Objection to the Magistrate Judge's Recommendation [Docket No. 70]. The Court has jurisdiction pursuant to the 28 U.S.C. § 1331.

## I. BACKGROUND

Plaintiff[1] asserted a negligence claim under the Federal Torts Claim Act ("FTCA"). Docket No. 43 at 4. On December 3, 2025, Magistrate Judge Cyrus Y. Chung recommended that defendant's motion to dismiss be granted on the basis that plaintiff failed to file a certificate of review pursuant to Colo. Rev. Stat. § 13-20-602(1)(a). Docket No. 66 at 5. The magistrate judge gave plaintiff 30 days to file a certificate of review. *Id.* at 8. On January 7, 2026, after receiving no certificate of

[1] Because plaintiff is proceeding pro se, the Court construes his pleadings liberally without serving as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

review or objection to the recommendation from plaintiff, the Court accepted the recommendation, finding that there was no clear error on the face of the record. Docket No. 68. Final judgment entered the same day. Docket No. 69.

On January 12, 2026, plaintiff filed his objection to the magistrate judge's recommendation. Docket No. 70. On January 30, 2026, plaintiff filed a motion to reopen this case pursuant to Fed. R. Civ. P. 60(b). Docket No. 73. Defendant filed responses to both motions. Docket No. 74, 76. Additionally, plaintiff filed a motion to supplement his objection based on the Supreme Court's holding in *Berk v. Choy*, 607 U.S. 187 (2026), which was issued on January 20, 2026. Docket No. 79 at 2.

## II. ANALYSIS

Pursuant to Colo. Rev. Stat. § 13-20-602(1)(a), "in every action for damages or indemnity based upon the alleged professional negligence of . . . a licensed professional," the plaintiff shall file a certificate of review. The certificate of review must declare that the party "has consulted a person who has expertise in the area of the alleged negligent conduct and that the person consulted has reviewed the known facts and, based on the review of such facts, has concluded that the filing of the claim does not lack substantial justification." *Coleman v. United States*, 803 F. App'x 209, 211 (10th Cir. 2020) (unpublished) (alterations and internal quotation omitted) (citing Colo. Rev. Stat. § 13-20-602(3)(a). In *Berk,* the Court considered a Delaware state law that is similar to § 13-20-602 and found it was inapplicable to claims brought in federal court because it imposed heightened pleading requirements that conflicted with Fed. R. Civ. P. 8. *See Berk*, 607 U.S. at 194. Until *Berk*, Colorado's certificate of review requirement has been applicable to FTCA claims. *See Coleman,* 803 F. App'x at 211.

In *Berk*, the Court held that "a valid Rule of Civil Procedure displaces contrary state law even if the state law would qualify as substantive under *Erie*'s test." *Berk*, 607 U.S. at 192. *Berk* explained that the determination as to whether a valid Federal Rule of Civil Procedure displaces a state law begins with asking "whether the Federal Rule answers the question in dispute." *Id.* (internal citation and quotation omitted). *Berk* identified the "disputed question" as "whether [plaintiff's] lawsuit may be dismissed because his complaint was not accompanied by an expert affidavit." *Id.* at 192-93 (footnote omitted). The Court held that "Rule 8 gives the answer" because it "prescribes the information a plaintiff must present about the merits of his claim at the outset of litigation: a short and plain statement of the claim showing that he is entitled to relief." *Id.* at 193 (alteration and internal quotation omitted) (citing Fed. R. Civ. P. 8(a)(2)). Accordingly, *Berk* held that "Delaware's affidavit requirement is at odds with Rule 8 because it demands more: A medical malpractice suit cannot proceed unless the complaint is accompanied by an affidavit of merit." *Id.* at 194 (alterations, internal quotation, and citation omitted). In other words, "[u]nder Rule 8, factual allegations are sufficient, but under the Delaware law, the plaintiff needs evidence too." *Id.*

The Court finds that *Berk* precludes the application of Colorado's certificate of review requirement in this case. Like the Delaware law, § 13-20-602 requires a plaintiff to come forward with evidence in contravention of Rule 8's pleading requirements. *See* § 13-20-602(3)(a) (requiring an affidavit stating that a person with expertise in the area of alleged negligent conduct, "based on the review of such facts, has concluded that the filing of the claim, counterclaim, or cross claim does not lack substantial justification

within the meaning of section 13-17-102(4)"). The Court rejects defendant's attempts to distinguish this case.

Defendant argues that this case is distinguishable from *Berk* because, "in determining whether to apply state substantive law here, this Court must look not to the rules based on the statutes governing diversity jurisdiction (as in *Berk*) but instead to the limited statutory waiver of sovereign immunity set forth in the text of the Federal Tort Claims Act, which is the basis for the Court's jurisdiction here." Docket No. 74 at 9. Defendant relies on 28 U.S.C. § 1346(b)(1), which states that the United States should only be held liable for tort claims "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *Id.* By permitting plaintiff to proceed with his professional malpractice claims without providing a certificate of review, defendant claims that the Court would run afoul of the Tenth Circuit's holding in *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1118 (10th Cir. 2004). *See id.* at 9-10.

In *Hill*, the Tenth Circuit explained that "to hold that the United States is not entitled to the protection of the certificate of review requirement would place it in a differently situated position than private parties defending against professional negligence claims in Colorado, thereby undermining the conditions precedent to the United States' waiver of sovereign immunity in the FTCA." *Hill*, 393 F.3d at 1118. In FTCA claims, the "law of the place where the act or omission occurred" applies. *See* 28 U.S.C. §1346(b)(1). In accordance with this principal, *Hill* found that Colorado "substantive law" applies. *See Hill,* 393 F.3d at 1117. To determine whether Colorado's certificate of review requirement was "substantive" for purposes of the FTCA, *Hill* relied

on *Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1541 (10th Cir. 1996). *See id*. Jurisdiction in *Trierweiler* was based on diversity and found that Colorado's certificate of review requirement was "substantive" for purposes of *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938). *See Trierweiler*, 90 F.3d at 1541.

*Berk* may now "call[] *Trierweiler* into question," *see JRW Fam. Ltd. P'ship LLLP v. Bluffs Owner LLC,* No. 25-cv-02961-CNS-KAS, 2026 WL 1758210, at *4 (D. Colo. June 18, 2026), particularly its holdings that § 13-20-602 "can exist side by side . . . without conflict" with the Federal Rules of Civil Procedure. *See Trierweiler*, 90 F.3d at 1540 (citation omitted). Thus, *Trierweiler* "no longer provides solid guidance." *See McCormick v. HRM Res., LLC,* No. 24-cv-00823-CNS-CYC, 2026 WL 1213398, at *5 (D. Colo. May 4, 2026). Furthermore, *Hill*, an FTCA case where the court was exercising federal question jurisdiction, nevertheless relied on *Trierweiler* – a case based upon diversity jurisdiction – in determining whether Colorado's certificate of review requirement was "substantive" for purposes of the FTCA. *See Hill,* 393 F.3d at 1117. The Court rejects defendant's argument that *Berk*, being a case based upon diversity jurisdiction, is therefore inapplicable to the case at hand. And, in any event, *Berk* "underscore[d] that the substantive nature of a state law, or its substantive purpose, *makes no difference*" under the Rules Enabling Act. *Berk*, 607 U.S. at 199 (alteration, internal quotation, and citation omitted).

In the wake of *Berk*, other courts, not exercising diversity jurisdiction, have found that state law provisions similar to § 13-20-602 are inapplicable. In *Schwingle v. United States*, 2026 WL 437262, at *7 (W.D.N.Y. Feb. 17, 2026), an FTCA action, the court

considered a New York law that requires, in an action for medical, dental, or podiatric malpractice, that the complaint be accompanied by a certification stating:

> the attorney has . . . consulted with at least one physician in medical malpractice actions . . . who the attorney reasonably believes is knowledgeable in the relevant issues involved in the particular action, and that the attorney has concluded on the basis of such review and consultation that there is a reasonable basis for the commencement of such action.

N.Y. C.P.L.R. 3012-a(a)(1). Citing *Berk*, *Schwingle* found that "a certificate of merit pursuant to CPLR § 3012-a is a procedural rule that impermissibly heightens the Court's federal pleading and service requirements, and is not required in this action." *Schwingle*, 2026 WL 437262, at *7; *see also Kent v. United States of America*., 2026 WL 2240656, at *5 (N.D. Fla. July 7, 2026) (finding, in an FTCA action "under *Berk*, to the extent that Florida's presuit requirements demand more of a plaintiff at the pleading stage than Rule 8 requires, they do not apply to claims brought in federal court," but acknowledging that it need not decide the issue in the case before it).

In *In re McGann*, 2026 WL 770559, at *7 (Bankr. D. Colo. Mar. 18, 2026), the court considered whether the debtor's malpractice claim against her former bankruptcy counsel should be dismissed for failure to comply with Colorado's certificate of review requirement:

> *Berk* clearly instructs that under the Federal Rules of Civil Procedure, the issue of whether the Debtor can meet her burden of proof is not one that the Court can evaluate at an early, pre-discovery stage of the case. Instead, under the Federal Rules such matter can be considered only later in the proceedings, either at the summary judgment phase or at trial. Indeed, as the Supreme Court in *Berk* makes clear, the Federal Rules of Civil Procedure require that a plaintiff be afforded a "reasonable opportunity to present all the [pertinent] material" before a federal court can consider anything more than whether the plaintiff has stated a claim upon which relief may be granted.

*In re McGann*, 2026 WL 770559, at *7 (footnote omitted). Accordingly, *McGann* found that Colorado's certificate of review requirement is "contravened by a valid rule of procedure such that the Colorado statute's procedural requirement that a plaintiff file a certificate of review in support of their claim at the outset of the case is not one that can be enforced in federal court." *Id*.

Defendant also argues that, even if the Court were to apply *Berk* in the context of this FTCA action, Colorado's certificate of review requirement is distinguishable from the Delaware law because "Colorado's certificate-of-review requirement does not purport to prescribe what shall be included in or attached to a complaint, or preclude the filing of a complaint absent a certificate of review." Docket No. 74 at 10-11. The Court disagrees.

The fact that Delaware law requires a certificate to be filed with a complaint, while Colorado law permits a plaintiff to file a certificate of review within 60 days of service of the complaint, *see* Colo. Rev. Stat. § 13-20-602(a)(1), does not alter *Berk*'s applicability. Whether the certificate of review requirement takes effect at the time of filing the complaint or 60 days after service is substantially similar: it requires the plaintiff to come forward with evidence in support of his claims at the pleading stage, before summary judgment or trial, in contravention of Rule 8. Both Delaware and Colorado law are "at odds with Rule 8 because it demands more." *See Berk*, 607 U.S. at 194. "Rule 8 sets a ceiling on the information that plaintiffs can be required to provide about the merits of their claims," *see id.*, and Colorado law exceeds that ceiling, even if it does so at a different point in time than the Delaware law. *See In re McGann*, 2026 WL 770559, at *7 (rejecting the party's argument that Delaware's and Colorado's certificate of review

requirements are distinct because "the issue is not whether the certification needs to be filed with the complaint or after it, but rather when, under the Federal Rules of Civil Procedure, a federal court can consider matters outside of the pleadings").

Because plaintiff moves to reopen this case on the basis of *Berk*, which was issued after final judgment was entered in this case, the Court finds that reopening this case pursuant to Fed. R. Civ. P. 60(b)(6) is warranted. *See Adams v. Merrill Lynch, Pierce, Fenner & Smith*, 888 F.2d 696, 702 (10th Cir. 1989) ("In this circuit, a change in relevant case law by the United States Supreme Court warrants relief under Fed. R. Civ. P. 60(b)(6)."). Furthermore, the Court finds that, in light of *Berk*, defendant's motion to dismiss plaintiff's complaint for failure to comply with Colo. Rev. Stat. § 13-20-602(1)(a) should be denied. See Docket No. 51.

## III. CONCLUSION

Therefore, it is

**ORDERED** that plaintiff's Motion to Reopen Case Pursuant to Rule 60(b) [Docket No. 73] is **GRANTED**. It is further

**ORDERED** that the Order Accepting Magistrate Judge's Recommendation [Docket No. 68] is **VACATED**. It is further

**ORDERED** that the Order and Recommendation of United States Magistrate Judge [Docket No. 66] is **REJECTED**. It is further

**ORDERED** that Plaintiff's Objection to the Magistrate Judge's Recommendation is [Docket No. 70] is **SUSTAINED**. It is further

**ORDERED** that defendant's Motion to Dismiss Complaint (ECF No. 43) Under Federal Rules of Civil Procedure 12 and 41 [Docket No. 51] is **DENIED**. It is further

**ORDERED** that plaintiff's Motion for Leave to File a Supplement to Plaintiff's Objection ECF No. 70 [Docket No. 79] is **GRANTED**. It is further

**ORDERED** that plaintiff's Motion to Check the Status of Plaintiff's Motion to Reopen Case, ECF No. 73, and for Extension of Time [Docket No. 78] is **DENIED as moot**.

DATED September 1, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge